No. 28,704.

H. F. McCall, *Appellant*, v. E. W. Bacon, *Appellee.*

(276 Pac. 815.)

Opinion filed May 4, 1929.

*H. W. Stubbs,* of Ulysses, for the appellant.

*O. W. Helsel,* of Wichita, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The action was one to recover damages for failure to convey real property in accordance with a contract alleged to have been made for such conveyance. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The case was tried on an agreed statement of facts, from which the court made findings of fact and conclusions of law. The conclusion of the court was that there had been no contract because the minds of the plaintiff and the defendant had not met upon any proposition made by one of the parties and accepted by the other. Whether or not there was a contract must be determined from the correspondence between the plaintiff and the defendant.

The first proposition of the plaintiff to the defendant was by telegram dated August 31, 1927, in which the plaintiff said:

"I will give you twenty-two hundred dollars cash, net to you, for the northwest quarter of section eleven, township twenty-seven, range thirty-seven. Answer."

The defendant responded to that telegram under date of September 2, 1927, in which the defendant said:

"I have decided to let you have the place at $2,200. . . . You pay the tax which will become due this fall. . . . You will get the rent crop this fall and take the place subject to my bargain with Mr. Rowe for next year's wheat crop."

On September 6 the plaintiff wrote the defendant in part as follows:

". . . I am to give you $2,200 cash net to you. . . . I am to stand all expense here at this end and pay all taxes this fall, and I am to receive ¼ of the row crop from the renter, Ed. Rowe."

On September 5, 1927, the defendant wrote the plaintiff notifying him that the land had been sold to another party. That letter contained the following language:

"The only difference between you and I on the deal was the taxes and agreeing to take it subject to the lease, which I haven't heard whether you would do it or not."

There is nothing in the record to show that one-fourth of the row crop mentioned in the plaintiff's letter to the defendant corresponded to the rent crop mentioned in the defendant's letter to the plaintiff. The plaintiff by his letter to the defendant on September 6 did not accept all of the counter proposition made by the defendant to the plaintiff. Consequently, there was no contract; the minds of the plaintiff and of the defendant did not meet.

The judgment is affirmed.